Stephen BERGER, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and Robert S. Corwin, Defendants.

No. 79 Civ. 5653(MEL).

United States District Court, S. D. New York.

Jan. 21, 1981.

corporated ("Merrill Lynch") and Robert S. Corwin, a securities salesman for Merrill Lynch, violated the Securities and Exchange Act of 1934, 15 U.S.C. § 78b, and Rule 10b–5, 17 C.F.R. § 240.10b–5, by failing to inform him that he did not own the underlying stock for four options purchased for his account, i. e. that he was engaged in "naked option" trading. Defendants move for summary judgment on the ground that knowledge that Berger did not own the underlying stock in these transactions must be imputed to him as a matter of law because (1) Merrill Lynch and Corwin provided Berger with confirmations of each transaction as well as monthly statements of his account which revealed that he did not own the underlying stock and (2) Berger approved each transaction at issue. Defendants also move to dismiss the pendent state claims or for an order compelling arbitration.[1] Finally, defendants seek dismissal of the complaint pursuant to Fed.R.Civ.Pr. 9(b) and 12(b)(6) on the ground that the complaint fails to state any factual basis to support the allegation that the defendants' conduct was fraudulent.

According to Berger's affidavit in opposition, he and Corwin first met in 1974 when they discussed Berger's investment goals and strategies. Berger told Corwin of prior losses he had sustained in the securities market and said that if he again became involved in the market, he would accept limited profits in exchange for minimal risk. Corwin recommended that Berger begin selling and repurchasing call options on stock he owned ("covered options"). Prior to this time, Berger had not engaged in options trading. Between November, 1974 and November, 1977, Corwin executed close to one hundred covered option transactions for Berger's account. Before each transaction, Corwin telephoned Berger with a recommendation and Berger approved each transaction. Berger states that he relied exclusively on Corwin for advice and information. In addition, Berger and Corwin discussed the account three or four times a

Butler, Fitzgerald & Potter, New York City, for plaintiff; Stuart L. Potter, Stephen F. Bailly, New York City, of counsel.

William T. Marshall, Jr., New York City, for defendants.

LASKER, District Judge.

Stephen Berger alleges *inter alia* that Merrill Lynch, Pierce, Fenner & Smith, In-

---

1. The portions of the motion seeking dismissal of the pendent state claims or an order compelling arbitration are predicated on summary judgment on the Rule 10b–5 claim being granted. (Defendants' Brief, pp. 7–10).

year, from which it might be inferred that Corwin learned of Berger's level of financial sophistication and of his reliance on Corwin.

In late 1977, Berger told Corwin that he was dissatisfied with the performance of the account and Corwin assured him that it would improve. In the summer of 1978, Berger called Corwin to discuss the status of his account, learned that he had incurred substantial losses and directed Corwin to close his account. According to Berger, Corwin never told him that he had begun to execute naked option transactions for Berger's account. He did not learn until over a year later, when his attorneys analyzed his account statements, that between November, 1977 and May, 1978 Corwin had engaged in naked option transactions for his account in place of the more conservative covered option transactions.

■ In these circumstances, there is a genuine issue as to the material fact whether Corwin knew that Berger would not be able to infer from the confirmations and account statements sent to him that he was engaged in naked option transactions, rather than the safer covered options in which he had traded for three years.

■ Defendants rely on *Scarfarotti v. Bache & Co., Inc.*, 438 F.Supp. 199 (S.D.N.Y. 1977) in urging the adoption of a flat rule of law that knowledge of material facts must be imputed to an investor whenever the investor has been provided with the relevant information. In *Scarfarotti*, however, the court found the plaintiffs to be experienced, sophisticated investors. Whatever the soundness of imputation of knowledge in that context, it is inappropriate here, where the broker may be shown to have had reason to believe that the investor was not financially sophisticated and would be unable to recognize the material facts themselves or deduce their implications from the information provided him. *See Cant v. A.G. Becker & Co., Inc.*, 374 F.Supp. 36 (N.D.Ill.1974); *Feit v. Leasco Data Pro-*

*cessing Corp.*, 332 F.Supp. 544 (S.D.N.Y. 1971). Given such knowledge on the part of the broker and the prior history of the relationship between broker and client, it could be found at trial (although we make no such finding), that by failing to inform Berger when they began executing naked options for his account, the defendants had intentionally or recklessly omitted "to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading ..." 17 C.F.R. § 240.10(b)–5; *see Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Rolf v. Blyth Eastman Dillon & Co., Inc.*, 570 F.2d 38 (2d Cir. 1978), *cert. denied* 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978). Accordingly, the motion for summary judgment is denied.[2]

■ Defendants contend that in any event the complaint should be dismissed because it does not specify any factual basis to support the allegation that defendants' conduct was fraudulent. The argument is unpersuasive. The complaint specifically alleges that Corwin managed Berger's account for four years, that Corwin represented to Berger at the outset that Corwin would engage in covered option trading for Berger so as to yield modest profits with minimal risk to Berger's invested capital, that Corwin began engaging in naked option trading for Berger without informing Berger of the change, that Corwin omitted to inform Berger of the change with the intention of misleading Berger, and that Berger would not have approved the transactions if he had known their true nature. The complaint identifies the particular allegedly fraudulent omissions, specifies in what respect each of the omissions was false and misleading, and provides the factual basis for believing that defendants acted fraudulently. *See Todd v. Oppenheimer*, 78 F.R.D. 415, 420 (S.D.N.Y.1978).

The motion for summary judgment in defendants' favor, dismissal of the pendent state claims or an order compelling arbitra-

**2.** In light of this disposition, the portions of the motion seeking dismissal of the pendent state claims or an order compelling arbitration are also denied. *See* note 1, *supra*.

tion, or alternatively for dismissal pursuant to Fed.R.Civ.Pr. 9(b) and 12(b)(6) is denied in all respects.

It is so ordered.