Louis L. STEINBERG, Plaintiff,

v.

The ILLINOIS COMPANY INCORPORATED; and John A. Raasch, Defendants.

No. 85 C 7131.

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1987.

M. Leslie Kite, David Schachman, M. Leslie Kite & Associates, Chicago, Ill., for plaintiff.

John J. Enright, Rosemarie J. Guadnolo, Andrew B. David, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

This action arises out of investment accounts managed by defendants The Illinois Company Incorporated ("Illinois") and John A. Raasch for plaintiff Louis L. Steinberg. Steinberg's complaint alleges violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.-10(b)–5; § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2); and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* Steinberg also claims that Illinois and Raasch committed common law fraud, breached their fiduciary duties, and breached their duties to use reasonable care in counseling him. This court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 77v, 15 U.S.C. § 77aa, 18 U.S.C. § 1964, and principles of pendent jurisdiction.

On May 15, 1986, this court granted defendants' motion to compel arbitration on Count I and Counts III–IV of plaintiff's complaint, leaving only the § 12(2) claim remaining for adjudication, 635 F.Supp. 615. With respect to that claim, Illinois and Raasch have brought the instant motion to strike, dismiss, or for partial summary judgment.

## DISCUSSION

Defendants' various arguments may be summarized as follows: (1) portions of plaintiff's pleadings should be stricken as inadequate; (2) plaintiff's suitability claim should be dismissed for failure to state a claim upon which relief can be granted; and (3) defendants are entitled to partial summary judgment because plaintiff has no cause of action against them under § 12(2). We will address these arguments in the reverse order.

## FACTS[1]

It is undisputed that Steinberg made numerous purchases of stocks, relevant to

---

1. For the purposes of this order, all facts alleged by plaintiff in his complaint are assumed to be true and all inferences are drawn in the light most favorable to him.

Count II, in A.T. Bliss & Co. ("Bliss"), Tanden Corp. ("Tanden"), and Laser Precision Corp. ("Laser"). In some of these transactions, Illinois was the seller, while in others defendants acquired the stock in the open market as Steinberg's agent. In each case in which Illinois was the seller, it sent a confirmation statement to Steinberg indicating that it sold the stock on its own account as a principal.

From July, 1983 to December, 1984, Raasch repeatedly assured Steinberg that the stock he was purchasing was of very good quality, and Steinberg invested virtually all of his life savings in those stocks. Raasch and Illinois did not tell Steinberg other things, however, such as the investigation of Bliss by the Securities and Exchange Commission and the increasing dependence of Laser and Tanden on single companies.

1. *Section 12(2)*

Our analysis under § 12(2) must proceed along two paths: (1) we must determine whether Steinberg can survive a motion for summary judgment as to the stocks that were never owned by Illinois; and (2) we must examine whether the result is different as to the stocks that were owned by Illinois. It is undisputed that Raasch never owned any of the stocks at issue.

Section 12(2) of the Securities Act of 1933 provides:

Any person who—

    \*    \*    \*    \*    \*    \*

(2) offers or sells a security ... by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), ... shall be liable to the person purchasing such security from him....

15 U.S.C. § 77*l* (2). Based on this language, the Seventh Circuit has observed that "the statute explicitly requires privity between plaintiff-purchaser and defendant-seller." *Sanders v. John Nuveen & Co., Inc.*, 619 F.2d 1222, 1226 (7th Cir.1980).

Numerous courts in this district, construing *Sanders*, have required that the defendant be one who could have passed title to the security in question. These judges thus have adopted a strict privity rule. *See, e.g., Riordan v. Smith Barney*, No. 84–3216, slip op. at 5–8 (N.D.Ill. June 30, 1986) (Grady, C.J.) [Available on WESTLAW, DCT database]; *Rice v. Windsor Industries, Inc.*, No. 85–4196, slip op. at 4–5 (N.D.Ill. Feb. 26, 1986) (Plunkett, J.) [Available on WESTLAW, DCT database]; *In Re Olympia Brewing Company Securities Litigation*, [1985–86 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,461 (N.D.Ill.1985) (Williams, J.) [Available on WESTLAW, DCT database]; *Wagman v. FSC Securities Corp.*, [1985–86 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 92,445 (N.D.Ill.1985) (Holderman, J.) [Available on WESTLAW, DCT database]; *but see Excalibur Oil v. Sullivan*, 616 F.Supp. 458, [1985–86 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,398 (N.D.Ill.1985) (Shadur, J.).

■ We are aware that courts in other circuits have liberalized this privity rule, and that this result is supported by at least one commentator. *See generally* H. Bloomenthal, *Securities Law Handbook* § 1105[3] at 281–90 (1986–87 ed.). However, in light of the clear statutory language, we will adopt the view of the majority of courts in our district. We therefore find that Steinberg has no cause of action under § 12(2) against Raasch or against Illinois as to those stocks that Illinois did not own.

■ As to the stocks that Illinois did own, Steinberg survives the summary judgment motion. Even if Illinois disclosed its interest in the stocks through the confirmation statements, and those statements complied with S.E.C. Regulation 10b–10, 17 C.F.R. § 240.10b–10, Illinois still may still be liable under § 12(2). Section 12(2) does not require Steinberg to prove that he was diligent in following the status of his investments. *Sanders, supra* at 1229. Moreover, Steinberg may be able to show that in light of his relationship with Illinois and Raasch, those parties knew he would not be able to understand the disclosures

made to him in the confirmation statements. *See Berger v. Merrill Lynch, Pierce, Fenner & Smith*, 505 F.Supp. 192 (S.D.N.Y.1981). As an issue of intent, this question is inappropriate for summary judgment. *See Stumph v. Thomas & Skinner, Inc.*, 770 F.2d 93, 97 (7th Cir. 1985); *White Motor Co. v. United States*, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963).

In addition, although Raasch cannot directly be held liable under § 12(2), he can be liable as a controlling person under 15 U.S.C. § 77*o* if Illinois is liable under § 12(2), because paragraph 13 of amended Count II alleges that Raasch controlled Illinois. Thus, the motion for summary judgment against Raasch also is granted only as to those stocks that Illinois did not own.

### 2. *Suitability Claim*

■ Paragraph eight of plaintiff's amended Count II charges defendants with omitting to state material facts necessary in order to make other alleged statements not misleading, in light of the circumstances under which they were made, by:

> (d) Failing to inform Plaintiff that investing virtually all of his net worth in these speculative stocks was an extremely unsuitable investment strategy for someone in his financial condition and with his investment goals.

Amended Count II, ¶ 8. Such allegations are usually premised on the violation of a stock exchange rule which requires securities brokers to "know their customers." *See, e.g., Baselski v. Paine, Webber, Jackson & Curtis, Inc.*, 514 F.Supp. 535, 541–42 (N.D.Ill.1981) (New York Stock Exchange Rules 342(a) and 405). In this case, however, Steinberg has not asserted a right of action under a stock exchange rule. Instead he concedes that there is no independent cause of action against someone who violates one. *See Thompson v. Smith, Barney, Harris, Upham & Co., Inc.*, 709 F.2d 1413, 1419 (11th Cir.1983); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 681 (9th Cir.1980); *Russo v. Bache Halsey Stuart Shields, Inc.*, 554 F.Supp. 613, 619 (N.D.Ill. 1982); *Baselski, supra.*

Notwithstanding this concession, Steinberg persists in arguing that his "unsuita-bility claim" is actionable under § 12(2). He suggests a distinction between omissions of material fact which are misleading in themselves and omissions which are misleading because they conceal that the stocks at issue are unsuitable. However, the statute addresses omissions which are misleading "in the light of the circumstances under which they were made ...," so Steinberg points out a distinction but not a difference. Furthermore, he concedes that he is not seeking to hold Illinois and Raasch liable for violating a stock exchange rule, and his pleading may only serve to confuse the issues eventually presented at trial. The motion to dismiss the paragraph relating to unsuitability therefore is granted because that paragraph is superfluous, confusing, and misleading in itself.

### 3. *Inadequate Pleadings*

■ Defendants' final argument is that Steinberg's amended Count II lacks the requisite specificity. Because defendants are correct, in part, Steinberg is granted leave to amend.

If the complaint is read as a whole, it readily is apparent why the alleged misrepresentations were untrue. Assuring someone that buying stock in a particular company is a good investment while the company is the target of a criminal investigation hardly requires explanation. In addition, because of the numerous transactions at issue, the complaint is adequate with respect to the time of the alleged misrepresentations and omissions. *See Baselski, supra* at 540. However, plantiff does not allege that defendants knew or should have known of alleged facts giving rise to the claimed misrepresentations or omissions.

While it is true that defendants have the burden of proving that they did not know, and in the exercise of reasonable care could not have known, of the alleged untruth or omission, *see* 15 U.S.C. § 77*l*, that does not alter the plaintiff's burden of pleading. *See American Bank & Trust Co. v. Barad Shaff Securities Corp.*, 335 F.Supp. 1276, 1281 (S.D.N.Y.1972); *see also, Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir.1984) (complaint must contain

direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory) (citation omitted). Thus if he is able to do so, plaintiff must allege that in light of the circumstances of his relationship with defendants, they knew or should have known of material facts which they should have disclosed.

## CONCLUSION

Defendants' motion for partial summary judgment is granted as to the transactions in which Illinois and Raasch were not sellers; there is no 15 U.S.C. § 77*l* liability against Raasch and no 15 U.S.C. § 77*o* liability against Illinois. Partial summary judgment is denied as to the transactions in which Illinois was a seller; thus, Steinberg's claims of § 77*l* liability against Illinois and § 77*o* liability against Raasch survive.

Defendants' motion to dismiss paragraph 8(d) of amended Count II, relating to unsuitability, is granted. Steinberg is given leave to amend the remainder of Count II in order to allege, if he can, that defendants knew or should have known of the alleged facts giving rise to the claimed misrepresentations or omissions.

IT IS SO ORDERED.