William SCHLUETER, et al., Plaintiffs,

v.

Dale COZAD, Cozad Investment Services, Inc., Defendants.

No. 87-2240.

United States District Court,
C.D. Illinois,
Danville Division.

Dec. 9, 1987.

---

William A. Allison, Bloomington, Ill., J. Michael O'Byrne, Reno, O'Byrne & Kepley, P.C., Champaign, Ill., for plaintiffs.

Sam Erwin, Marc Ansel, Champaign, Ill., James E. Beckley, Chicago, Ill., for defendants.

## ORDER

BAKER, Chief Judge.

### INTRODUCTION

On April 15, 1987, the plaintiffs filed a complaint against the defendant, Dale Cozad and Cozad Investment Services, Inc., alleging violations of both Illinois and federal securities laws. On May 20, 1987, the defendants filed a "motion to strike, dismiss and for partial summary judgment." On September 17, 1987, the Honorable Robert J. Kauffman, United States Magistrate, issued a recommendation regarding the defendants' motion of May 20, 1987. On September 30, 1987, the defendants filed an objection to the Magistrate's recommendation. The matter is presently before the district judge upon the defendants' objections to the magistrate's recommendation. *See* Fed.R.Civ.P. 72(b).

### FACTS

On numerous occasions between November 1981 and December 1983, the plaintiffs purchased interests in limited partnerships from the defendants. All of these securities were interests in limited partnerships formed and managed by Donald R. Walker. Sometime around 1985, Mr. Walker and all of the limited partnerships he managed filed for bankruptcy. The plaintiffs' complaint alleges that the defendants, as the "underwriter" of these limited partnership interests and as the agent of Donald R. Walker, violated both Illinois and federal securities laws when they sold these interests to the plaintiffs. The magistrate's recommendation of September 17, 1987, granted the defendants' motion to dismiss and for partial summary judgment with respect to some of the claims and denied the defendants' motion to dismiss and for summary judgment with respect to other claims. The defendants object to the portion of the magistrate's recommendation denying their motion to dismiss and for partial summary judgment.

### DISCUSSION

The defendants object to three aspects of the magistrate's recommendation. The de-

fendants object to the magistrate's failure to dismiss the plaintiffs' claims for failure to state a claim under Fed.R.Civ.P. 9(b); for failure to dismiss the plaintiffs' claims as being time barred by the statute of limitations; for failure to dismiss the plaintiffs' claims that the defendant violated § 12(2) of the 1933 Act because the defendant is not a "seller" as Congress described in § 12(2). These are the only aspects of the magistrate's recommendation to which either party has objected. Since more than ten (10) days have elapsed since the filing of the recommendation, the recommendations of the magistrate are accepted with respect to all issues to which objection was not raised.

### 1) FEDERAL RULE OF CIVIL PROCEDURE § 9(b)

The defendants' motion to dismiss contends that the plaintiffs have failed to allege fraud with the requisite specificity. *See* Fed.R.Civ.P. 9(b). Fed.R.Civ.P. 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity...." The particularity requirement of Rule 9(b) does not, however, render the general principles of Rule 8 inapplicable to pleadings alleging fraud. The two rules must be read in conjunction with each other. 5 Wright & Miller, *Federal Practice and Procedure,* § 1298 (1969). Rule 9(b) does not require fact pleading. It merely requires pleading "circumstances." 5 Wright & Miller, *Federal Practice and Procedure,* § 1298 (1969).

▮ In the case at hand, the plaintiffs allege that the defendants violated state and federal securities laws through their omissions as opposed to their misrepresentations. On pages 9 through 13 of their complaint, the plaintiffs list eight omissions by the defendant that the plaintiffs contend were fraudulent. A plaintiff must allege more than conclusory statements that the defendants' conduct constitutes fraud. *Onesti v. Thompson McKinnon Securities, Inc.,* 619 F.Supp. 1262, 1267 (N.D.Ill. 1985). The complaint in this case alleges more than mere conclusions of fraud. The allegations on pages 9 through 13 of the

complaint describe the alleged omissions of the defendant which the plaintiffs contend violate state and federal securities laws. Those allegations more than satisfy the requirements of Fed.R.Civ.P. 9(b) when read in conjunction with Fed.R.Civ.P. 8. *D & G Enterprises v. Continental Illinois Nat. Bank & Trust Co. of Chicago,* 574 F.Supp. 263 (N.D.Ill.1983).

The complaint satisfies the goals of Fed. R.Civ.P. 9(b) and Fed.R.Civ.P. 8 in that it provides the defendants with notice of the claims against them and evidences a reasonable belief on the plaintiffs' part that the complaint has merit. *Gilbert v. Bagley,* 492 F.Supp. 714 (M.D.N.C.1980). The plaintiffs' complaint alleges fraud with sufficient particularity to satisfy the requirements of Fed.R.Civ.P. 9(b). Therefore, the defendants' motion to dismiss for failure to allege fraud with the requisite specificity is denied.

### 2) THE INTEGRATION DOCTRINE AND STATUTES OF LIMITATION

The defendants' further contend that all but two of the plaintiffs' claims are barred by the statute of limitations. The plaintiffs admit that all but two of the sales they contend were tainted by fraud would be barred by the statute of limitations if they were "single" sales. However, the plaintiffs contend that the court should consider all of the sales as a single "integrated" sale occurring on the date of the last sale. The defendants argue that the integration doctrine does not apply to cases involving statutes of limitations. At this point in the proceedings, the court is only able to decide whether the integration doctrine applies to statutes of limitations. If the doctrine does apply to limitation questions, the court will need more information in order to determine whether the doctrine applies in this case.

The integrated offering theory was adopted by the Securities Exchange Commission (SEC) as a guideline to determine whether an offering is "public" under § 4(2) of the 1933 Act, 15 U.S.C. § 77d(2) (1982). *Flinn Foundation v. Petro–Lewis Corporation,* (CCH) Fed.Sec.L.Rep.

§ 92449 (D.Colo.1985). The plaintiffs contend that the integration theory should also apply in this case to prevent the statute of limitations from barring their claims.

The court is aware of four cases discussing whether the integration doctrine applies to statutes of limitations. (1) In *Kennedy v. Tallant*, (CCH) Fed.Sec.L.Rep. ¶ 95779 (S.D.Ga.1976) [Available on WESTLAW, 1976 WL 840], the district court held that the integration doctrine did apply to statutes of limitations. The court allowed the plaintiff to proceed with his claim by integrating all earlier sales with later sales and holding that the date of "sale" for statute of limitation purposes was the date of the last sale. *Kennedy v. Tallant*, (CCH) Fed.Sec.L.Rep. ¶ 95,779 (S.D.Ga. 1976) [Available on WESTLAW, 1976 WL 840]. The court in *Kennedy*, however, did not give reasons why courts should apply the integration doctrine to statutes of limitations. The court simply held that an integration doctrine exists and then assumed that it applied to limitations. (2) The district court in *Livens v. William D. Witter, Inc.*, 374 F.Supp. 1104 (D.Mass. 1974), implied that the integration doctrine applied to statutes of limitations by analyzing the factors used in determining whether a series of sales should be considered an integrated offering in a case involving statutes of limitations. The court, however, held that the offering was not integrated because the facts did not satisfy the requirements of the integration doctrine. Although the court in *Livens* held that the claims were time barred, it never discussed why or if the doctrine of integration applies to statutes of limitations. *Livens*, therefore, is of little assistance to this court.

(3) The court in *Flinn v. Petro–Lewis Corporation*, (CCH) Fed.Sec.L.Rep. § 92449 (D.C.Colo.1985) [Available on WESTLAW, 1985 WL 358], held that the integration doctrine does not apply to statutes of limitations. The court ruled that:

[t]he integrated offering theory has its obvious purpose to assist in determining whether an offering is exempt under § 42. However, the plaintiffs have not convinced me that application of the theory in the context sought in this case

would serve a valuable purpose or alleviate injustice.

*Flinn* at ——.

(4) The district court in *Davis v. Whatley*, No. C–83–865A, slip op. (N.D.Ga. June 5, 1985) [Available on WESTLAW, 1985 WL 5804], held that the integration doctrine did not apply in cases involving statutes of limitations. The court in *Davis* did not, however, give any reasoning for this conclusion and therefore the opinion is of little assistance to this court.

*Flinn Foundation v. Petro–Lewis Corporation* is the only opinion of which the court is aware that discusses policy reasons for applying the integration doctrine to statutes of limitations questions. This court finds the reasoning in *Flinn* is persuasive. The integration doctrine was developed to determine whether a group of sales should be considered a single sale for the purpose of deciding whether an offering is public or private. If an offering is public, it would have to comply with federal regulations. If a group of sales constitutes an "integrated offering," the "sales" must be considered one sale with respect to the size of the offering. The size of an offering is not related to the timing of an offering. Even if this court held that the integration doctrine did apply to a situation such as this, it sees no reason why the court should deem the integrated sale to have been made on the date of the last sale as opposed to the date of the first sale. If the court integrated the sales and deemed them all made at the date of the first sale, all of the plaintiffs' claims would be barred by the statute of limitations.

■ Just because some of the plaintiffs' claims may be barred by the statutes of limitations is not a reason to apply the doctrine of integration to this case. "Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." *Board of Regents v. Tomanio*, 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). The court does not believe that the integration doctrine was developed with statutes of limita-

tions in mind. Its purpose has nothing to do with preserving the securities fraud claims of plaintiffs. The court will not apply the integration doctrine in this situation merely to preserve the plaintiffs' claims. Statutes of limitations serve a valid and important function in our judicial system. It is not appropriate to circumvent them merely to protect plaintiffs who may have been injured. Therefore, the court holds that the integration doctrine does not apply to preserve plaintiffs' claims that are barred by statutes of limitations.

The plaintiffs further contend that even if the integration doctrine does not apply to the claims in this case, the plaintiff's claims should not be barred because the equitable doctrine of "tolling" prevents the defendants from using statutes of limitations as a defense. The plaintiffs' claims for violation of the 1953 Illinois Securities Act are governed by a three-year statute of limitations. Ill.Rev.Stat. ch. 121½, § 137.13(D) (1987). Section 137.13(D) allows for tolling of the statute of limitations for claims alleging omissions or misrepresentations. Paragraph 27, p. 43 of plaintiffs' complaint does allege that the defendants made omissions and misrepresentations which violate § 12 of the Illinois Securities Act of 1953. The tolling provision of § 137.13(D) provides for tolling in cases where the plaintiff neither knew of or should have known of the alleged violation. This is a fact based determination which the court is not able to make at this point in time.

The doctrine of equitable tolling also applies to the plaintiffs' federal causes of action. The plaintiffs allege that by providing them with false or incomplete information about the pending bankruptcy proceedings by the general partner Donald R. Walker, the defendants misled the plaintiffs into delaying pursuit of their remedies in court. The doctrine of equitable tolling is read into every federal statute of limitations, including state statutes adopted by federal law. *Sperry v. Barggren,* 523 F.2d 708, 710 (7th Cir.1975). *See also Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 232–33, 79 S.Ct. 760, 761–62, 3 L.Ed.2d 770 (1959). Recognizing that the

doctrine of equitable tolling may apply in this case, the court at this time is unable to rule whether it should apply in this case. Equitable tolling is a fact-based decision and cannot be reached on the record in its present development. Therefore, the motions to dismiss the plaintiffs' state and federal claims as time barred are denied with leave to renew the motions at a later appropriate time.

### 3) WHO IS A "SELLER" UNDER § 12(2) OF THE 1933 ACT?

The defendants also object to the magistrate's recommended finding that the defendants are "sellers" of securities for purposes of the Federal Securities Act of 1933. The defendants argue that they were not "sellers" of securities to the plaintiffs, and, therefore, that the plaintiffs have no claims against them under § 12 of the 1933 Act.

The defendants say that they acted merely as a selling agent of the issuer. As a selling agent, the defendants argue that they arranged for the sale of limited partnership interests by introducing the plaintiffs to the sellers. The defendants further contend that in order for them to be a "seller" privity must exist between the plaintiff-purchaser and the defendant-seller. The defendants cite *Sanders v. John Nuveen and Company, Inc.,* 619 F.2d 1222, 1226 (7th Cir.1980), *cert. denied,* 450 U.S. 1005, 101 S.Ct. 1719, 68 L.Ed.2d 210 (1981), in support of this proposition. The Seventh Circuit does require "strict privity" between the plaintiff-purchaser and the defendant-seller. *Beck v. Cantor, Fitzgerald & Company, Inc.,* 621 F.Supp. 1547 (N.D.Ill.1985). *See also Kennedy v. Nicastro,* 503 F.Supp. 1116 (N.D.Ill.1980). The issue for the court is this: Does the requisite privity between the plaintiffs and the defendants exist to make the defendants "sellers" within the meaning of the Act?

The defendants contend that in order to be a "seller" the party must be able to pass title to the purchaser. The court's opinion in *Steinberg v. Illinois Co., Inc.,* 659 F.Supp. 58 (N.D.Ill.1987) supports the defendants' contentions. *See also Beck v. Cantor, Fitzgerald & Co., Inc.,* 621

F.Supp. 1547, 1561 (N.D.Ill.1985). However, *Ambling v. Blackstone Cattle Company, Inc.*, 658 F.Supp. 1459 (N.D.Ill.1987), holds that the term "seller" for the purposes of determining § 12(2) liability is "not limited to one who actually transfers title but extends to those participants who represent the transferor by actively soliciting the sale of the transferor's securities." *Ambling*, 658 F.Supp. at 1466. This court finds the reasoning in *Ambling* persuasive.

■ Although *Sanders* says the statute explicitly requires privity for seller liability, it is not inconsistent with the privity requirement of *Sanders* to hold that one who actively solicits sales can be in privity with the purchaser even though someone else transfers the title to the securities to the purchaser. *See Ambling v. Blackstone Cattle Co., Inc.*, 658 F.Supp. 1459, 1465–66 (N.D.Ill.1987). *Sanders* merely requires privity between the plaintiff purchaser and the defendant seller. The defendant in this case acting as an agent for the original issuer could be a seller within the meaning of the term "defendant seller" used in *Sanders.* Although a number of district court cases in the Seventh Circuit have held that the privity ingredient of *Sanders* requires the defendant seller to actually transfer title to the plaintiff, this court declines to follow those cases. *Steinberg v. Illinois Co., Inc.*, 659 F.Supp. 58 (N.D. Ill.1987); *Beck v. Cantor, Fitzgerald & Company, Inc.*, 621 F.Supp. 1547 (N.D.Ill. 1985); *Riordan v. Smith Barney*, No. 84–3216, slip op. at 5–8 (N.D.Ill. June 30, 1986) [Available on WESTLAW, 1986 WL 7653].

Other circuits follow a less stringent privity requirement in § 12 cases than the Seventh Circuit. *See SEC v. Seaboard Corp.*, 677 F.2d 1289 (9th Cir.1982); *Junker v. Crory*, 650 F.2d 1349 (5th Cir.1981). Furthermore, commentators advocate adopting more open rules on privity. *See generally H. Bloomenthal*, Securities Law Handbook, § 1105[3] at 281–90 (1986–1987 ed.). This court, however, is duty bound to follow the Seventh Circuit's decision in *Sanders.* Mindful of that duty the court rules that in this particular case the defendants could be "sellers" within the

meaning of § 12(2) and within the definition set out in *Sanders.* Therefore, the defendants' motion for summary judgment on Counts III, VII, XIII, and XVI is denied.

### CONCLUSION

(1) The plaintiffs' complaint alleging violation of both Illinois and federal securities laws does satisfy the particularity requirements for alleging fraud set out in Fed.R. Civ.P. 9(b).

(2) Although this court will not apply the "integration doctrine" to cases involving statutes of limitations, it does feel that the doctrine of equitable tolling applies to both the plaintiffs' state and federal securities law claims and questions of fact remain unresolved on that point.

(3) The defendants' motion for summary judgment on Counts III, VII, XIII, and XVI is also denied. The court concludes that the defendant could be a "seller" within the meaning of § 12(2) of the 1933 Act.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss is denied.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment is denied.