Martha J. WILLIAMS, Plaintiff,

v.

David C. SABIN, Defendant.

No. 94 C 6150.

United States District Court,
N.D. Illinois,
Eastern Division.

May 11, 1995.

Vance L. Liebman and James F. Groth, Levin & Funkhouser, Ltd., Chicago, IL.

Matthew D. Wayne, Fishman & Merrick and Kristin L. Moran, Scalambrino & Arnoff, Chicago, IL.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant David C. Sabin's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, FED.R.CIV.P. 12(b)(6), and for failure to plead fraud with the required specificity, FED.R.CIV.P. 9(b).

### I. BACKGROUND

Plaintiff Martha Williams's Complaint alleges three separate counts against the defendant, David Sabin. Count One alleges a violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Counts Two and Three are pendent state law claims against the defendant, alleging common law fraud and breach of fiduciary duty. The complaint seeks compensatory damages and court costs under all counts, and punitive damages under Counts Two and Three.

The allegations contained in the Complaint, taken as true for these purposes, are as follows. Plaintiff founded Stylemaster, Inc., in 1991 to conduct business as a producer of molded plastic products. Defendant was a director and officer of Glacier Holdings, Inc., which controlled two subsidiaries,

Salton Time and Glacier Water Systems. Glacier Water Systems contracted for the manufacture of water filters and accessories, which it subsequently distributed. The products of Glacier Water Systems were primarily molded plastic.

Defendant arranged for the funding for Stylemaster through individuals and entities related to him, and from a venture capital firm. Plaintiff owned over 50% of the stock of Stylemaster subsequent to this funding.

Plaintiff had a line of molded plastic storage products designed and placed into production. Stylemaster's gross sales in its first year of operations were $1,500,000, and $5,600,000 in the following twelve months. Stylemaster also manufactured parts and products for Glacier Water Systems, in addition to its line of plastic storage products.

Subsequent to the investment in Stylemaster by parties related to defendant, he controlled Stylemaster's financial and accounting activities. Plaintiff alleges that, during 1993, Glacier Water Systems failed to pay Stylemaster balances due for goods purchased by Glacier Water Systems, despite representations made to the contrary by defendant to plaintiff and various lenders. By the middle of 1993, Stylemaster's growth, coupled with the adverse effect on Stylemaster's cash position due to defendant's transactions, led to cash flow problems for Stylemaster.

Because of Stylemaster's need for cash, plaintiff alleges that defendant persuaded her to agree to a merger of Stylemaster into Glacier Holdings. The merger, which occurred and became effective on October 13, 1993, included an exchange by plaintiff of her Stylemaster stock for stock in Glacier Holdings. After the merger, plaintiff owned under 5% of the stock of Glacier Holdings as opposed to her greater than 50% ownership of Stylemaster prior to the merger. Plaintiff claims that she agreed to the merger based on defendant's false assertions that Glacier Holdings had arranged to obtain cash through a loan to be followed by a public offering. Following the merger, Glacier Holdings did not attempt to raise cash through borrowing or a public offering. Rather, plaintiff alleges that in November 1993 defendant revealed a plan to raise funds for Glacier Holdings by selling Stylemaster to a third party.

Prior to plaintiff's approval of the merger, it is alleged, defendant represented to plaintiff that he would obtain an opinion of a qualified third party that the merger was fair to Stylemaster, Glacier Holdings, and their respective shareholders.

On about October 4, 1993, prior to the October 13, 1993, merger date, defendant allegedly received drafts of two letters from Deloitte & Touche, outside auditors of both Stylemaster and Glacier Holdings. The letters pointed to significant discrepancies in the records of both Stylemaster and Glacier Holdings requiring substantial year-end adjustments to both companies' financial statements. Although the letters were addressed to the Boards of Directors of Stylemaster and Glacier Holdings, plaintiff asserts that defendant concealed the letters from the directors and shareholders of Stylemaster, including plaintiff, until November 1993 when plaintiff received a copy of the letters from a Glacier Holdings employee. After receipt of the Deloitte & Touche letters, plaintiff began an investigation into defendant's accounting activities. Among plaintiff's contentions are that defendant fraudulently reported Stylemaster's assets in collateral reports furnished to LaSalle National Bank, Stylemaster's secured lender. Also, plaintiff claims that false journal entries and refusal by defendant to post credits to the accounts of customers of Stylemaster and Glacier Holdings resulted in an overstatement of the assets and profits of both companies.

Defendant's efforts to sell Stylemaster were unsuccessful. Stylemaster and Glacier Holdings' other subsidiaries ran out of cash in the first quarter of 1994. Stylemaster's assets were sold in a bankruptcy sale in May 1994. During the second quarter of 1994, Glacier Holdings sold the assets of its other subsidiaries and ceased to do business.

## II. *DISCUSSION*

Defendant has moved to dismiss Count One of the Complaint for failure to state a claim upon which relief can be granted, FED. R.CIV.P. 12(b)(6), and for failure to plead

fraud with the requisite specificity, FED. R.CIV.P. 9(b). Defendant contends that Count Two should also be dismissed in accordance with Rule 12(b)(6) and Rule 9(b). Defendant also contends that Count Three, claiming breach of fiduciary duty, should be dismissed for failure to state a claim.

Defendant's motion to dismiss can be broken down into two main arguments. Defendant's argument as to the first two counts rests on failure to specify the amount of the damages. This, defendant claims, is insufficient pleading of damages under Rule 8 and 9(b) of the Federal Rules of Civil Procedure. Defendant's argument on Count Three is that the breach-of-fiduciary-duty count is not properly brought by plaintiff in her individual capacity. It should more properly have been brought as a shareholder derivative action because plaintiff did not allege any injuries to her distinguishable from the injuries to the corporation.

### A. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the Complaint, not to decide the merits of the case. Defendant must meet a high standard in order to have the Complaint dismissed for failure to state a claim upon which relief can be granted since, in ruling on a motion to dismiss, the court must construe plaintiff's allegations in the light most favorable to plaintiff, and all well-pleaded facts in plaintiff's Complaint must be taken as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 735 (7th Cir.1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a Complaint must allege facts sufficiently setting forth the essential elements of the cause of action.

*Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988).

### B. Sufficiency of Pleading Under Rules 8 and 9(b)

■ Defendant contends that the Complaint is deficient under Rules 8 and 9(b) because the allegation of damages in the Complaint is not specific enough. Defendant claims that Rule 9(b) requires all elements of fraud to be held to a higher standard of pleading.

Rule 8 governs pleadings, as a general matter, in federal courts. It does not require that a plaintiff plead damages with particularity. Rule 8(a) reads:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED.R.CIV.P. 8(a). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which she bases her claim. To the contrary, the rules merely require a short and plain statement of the claim that will give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. *Conley*, 355 U.S. at 47, 78 S.Ct. at 103.

Applying these standards to the instant pleadings it is evident that plaintiff has met her burden of pleading under Rule 8. Plaintiff's damage theory, which ought to become more clear during discovery, appears to be related to financial detriment from the merger. Plaintiff has stated a sufficient claim for damages under Rule 8.[1]

---

**1.** Defendant's "loss causation" argument, as stated in its opening memorandum, was based on  this same specificity argument.

Rule 9(b) is another consideration where fraud is alleged. *See Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975). Rule 9(b) reads:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED.R.CIV.P. 9(b). Rule 9 must be read together with Rule 8 of the Federal Rules of Civil Procedure. *Tomera,* 511 F.2d at 508. Rule 9 lists the actions in which "slightly more is needed for notice." *Id.* "The particularity requirement of Rule 9(b) does not ... render the general principles of Rule 8 inapplicable to pleadings alleging fraud." *Schlueter v. Cozad,* 674 F.Supp. 1351, 1353 (C.D.Ill.1987). Rule 9(b) does not require fact pleading, it merely requires pleading circumstances. *Id.* at 1351. In a complaint alleging securities fraud, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and its participants is enough. *Tomera,* 511 F.2d at 509.

Rule 9(b) does not supersede all elements of Rule 8 when dealing with a Rule 10b-5 claim. It merely requires a more detailed recitation of the individuals and the events constituting the alleged fraud. Rule 9(b) does not require any greater detail in pleading damages unless the information is necessary to give the defendant notice of the claims against him. Plaintiff gave sufficient detail as to the participants and occurrences that went to make up the alleged fraud. A detailed calculation of the damages alleged to have been incurred by the plaintiff is not necessary to give the defendant notice. In fact, Rule 9(b) makes no reference to damages whatsoever. Because plaintiff has met her burden of pleading damages under Rule 8, and damage calculations here are not necessary to give the defendant notice of the fraud charged, plaintiff has also met her burden of pleading under Rule 9(b).

## C. Breach of Fiduciary Duty

Defendant next asserts that plaintiff's Count Three for breach of fiduciary duty is improperly brought in plaintiff's individual capacity because the claim could only be properly brought as a shareholder derivative action. Defendant argues that plaintiff has not alleged an injury to her which is distinguishable from the injury to Stylemaster.

■ The general rule as to shareholder standing in Illinois is that "where there is no showing that plaintiff herself had been injured in any capacity other than in common with her fellow stockholders, the cause of action belongs to the corporation." *Mann v. Kemper Financial Companies,* 247 Ill. App.3d 966, 975, 187 Ill.Dec. 726, 732, 618 N.E.2d 317, 323 (1992). The general principle does not apply where the wrongful acts were not only against the corporation but were also violations of a duty owed directly to the shareholder. *Id.* at 973, 187 Ill.Dec. at 731, 618 N.E.2d at 322. It must be preliminarily determined if the pleadings state "injury to plaintiff upon an individual claim as distinguished from an injury that indirectly affects the shareholders or that affects the shareholders as a whole." *Id.* at 975, 187 Ill.Dec. at 732, 618 N.E.2d at 323.

■ In applying the exception to the Illinois shareholder standing rule, the court must view plaintiff's pleadings to determine if there is any injury to plaintiff distinguishable from the injuries to the corporation. Plaintiff has alleged in her Complaint that Glacier Water Systems failed to pay Stylemaster amounts owed for goods purchased, despite representations that defendant made to the contrary. Plaintiff also alleged that defendant withheld a letter from Deloitte & Touche, which detailed significant discrepancies on the books of both Stylemaster and Glacier Holdings. Under plaintiff's allegations, had plaintiff known the truth, she may not have agreed to relinquish control of Stylemaster, and consented to the ill-fated merger with Glacier Holdings. This merger allegedly was of benefit to defendant because of his plan to sell off Stylemaster to raise money to finance his other cash-strapped operations. Plaintiff's theory is that these alleged actions caused injuries directly to her. Consequently, plaintiff allegedly has suffered injuries distinguishable from the injuries to the corporation, or to the other shareholders as a whole. *See generally Mi-*

*chaels v. Michaels,* 767 F.2d 1185 (7th Cir. 1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 797, 88 L.Ed.2d 774 (1986). As such, plaintiff's claim for breach of fiduciary duty stands.

## III. *CONCLUSION*

Defendant's motion to dismiss is denied. Defendant is ordered to answer or otherwise plead within ten days.